UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSETTE LEVASSEUR, as MOTHER :
and LEGAL GUARDIAN for :
REBECCA LEVASSEUR, a Minor :
504 Shelfar Place :
Fort Washington, MD 20744 :
 :
         Plaintiff, :
    v. : Case No. _____
 :
HOWARD UNIVERSITY HOSPITAL :
2041 Georgia Avenue, N.W. :
Washington, D.C. 20060 :
 :
SERVE:  H. Patrick Swygert, President :
        Howard University :
        2400 Sixth Street, N.W. :
        Washington, D.C. 20059 :
 :
    and :
 :
HOWARD UNIVERSITY :
2400 Sixth Street, N.W. :
Washington, D.C. 20059 :
 :
SERVE:  H. Patrick Swygert, President :
        Howard University :
        2400 Sixth Street, N.W. :
        Washington, D.C. 20059 :

COMPLAINT FOR MEDICAL MALPRACTICE
(BLINDNESS DUE TO DELAY IN DETECTING
CONGENITAL GLAUCOMA)

JURISDICTION AND VENUE

1. Jurisdiction in this court is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 1 -

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, as the negligent acts and/or omissions committed by the Defendants arose in the District of Columbia.

**PARTIES**

3. Plaintiff Josette Levasseur ("Plaintiff"), mother and guardian of Rebecca Levasseur, a minor, is a citizen and resident of the State of Maryland.

4. At all times relevant hereto, upon information and belief, Defendant Howard University Hospital ("HUH") was a medical facility licensed to conduct business in, and conducting business in, the District of Columbia.

5. At all times relevant hereto, upon information and belief, Defendant Howard University ("HU") was an entity that owned and/or operated and/or was the parent corporate entity for HUH, a medical facility licensed to conduct business in, and conducting business in, the District of Columbia.

6. At all times relevant to this action, the negligent acts and/or omissions committed by the agents, servants and/or employees of the Defendants occurred in facilities owned and/or operated by Defendants HUH and/or HU in Washington, D.C.

7. At all times relevant hereto, upon further information and belief, the Ambulatory Care Services and/or Eye Clinic at HUH (together, "Eye Clinic") were operated by and under the control of HUH and/or HU.

8. At all times relevant hereto, upon further information and belief, each of the health care providers involved in the care, evaluation, and treatment of Rebecca Levasseur at the Eye Clinic was a practicing physician and/or health care provider, licensed in the District of Columbia, who held himself or herself out to the general

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

public as an individual who took all necessary care and precaution in the practice of his or her profession and who was qualified to administer to his or her patients concerning their medical needs, with all necessary care and precaution expected of other medical doctors in the same or similar profession.

9. At all relevant times hereto, upon further information and belief, the physicians and other health care providers who provided care and treatment to Rebecca Levasseur at the Eye Clinic were acting as the agents, servants, and/or employees of HUH and/or HU. Therefore, HUH and/or HU are vicariously liable for the negligent acts and/or omissions of these physicians and/or any of their agents, servants, and/or employees involved in the care, evaluation, and treatment of Rebecca Levasseur at all relevant times.

## FACTS

10. On July 21, 1996, Plaintiff Josette Levasseur gave birth to Rebecca Levasseur at HUH, and on July 24, 1996, Rebecca Levasseur was discharged home diagnosed as a healthy, term infant.

11. On October 26, 1996, Rebecca Levasseur was evaluated by Dr. Lionel Laquinte (hereinafter "Laquinte") at her three month routine examination. Her history at this time included "right eye drainage," and, upon examination, Laquinte noted that Rebecca's eyes were abnormal due to the presence of discharge. He provided Plaintiff with a referral to the Eye Clinic to assess the abnormal eye findings.

12. On December 6, 1996, minor Plaintiff was evaluated by Laquinte at her four month routine examination. Laquinte noted her eyes to be "runny."

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

13.     On December 31, 1996, Rebecca Levasseur was evaluated by healthcare providers at the Eye Clinic.  She presented with watery eyes, and examination revealed that her tears were clear, her eyelashes were not crusting, and her corneas measured 12 mm in diameter.

14.     At the Eye Clinic, Rebecca was diagnosed as suffering from allergies and was prescribed eye-drops.

15.     On March 1, 1997, Rebecca Levasseur returned to Laquinte for her seven month routine examination. Dr. Laquinte's history included notations that Rebecca Levasseur was evaluated by an ophthalmologist and that "[Plaintiff] was told that [Rebecca] does not have tear duct obstruction [and] was given eye-drops for allerg[ies]."

16.     On July 26, 1997, Rebecca Levasseur returned to Laquinte for her one year routine examination, and her eyes were noted to be "runny" once again.  Laquinte provided Plaintiff with a referral to an ophthalmologist in order to rule out allergic conjunctivitis.

17.     On November 8, 1997, minor Plaintiff was evaluated for the first time by Paul C. Domson, M.D., who noted constant clear discharge in her right eye and occasional discharge in her left.

18.     Dr. Domson referred Rebecca Levasseur to an ophthalmologist, Paul Cunningham, M.D. and on December 29, 1997, at the age of seventeen months, Dr. Cunningham diagnosed Rebecca with congenital glaucoma in both eyes.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

19. Since the time of her diagnosis, Rebecca Levasseur has undergone extensive medical and surgical treatment, including, but not limited to, several examinations under general anesthesia, multiple goniotomies, cataract extraction, lysis of adhesions, vitrectomy, nasolacrimal duct probing, stent removal, tonometry, trabeculectomy, and cyclocryotherapy.

20. As a result of her congenital glaucoma, minor Plaintiff Rebecca Levasseur is totally blind in her right eye and is severely myopic in her left eye with only slight light perception. Rebecca has and will require continued medical treatment to monitor and treat her condition.

## COUNT I
### (Medical Negligence)

21. Plaintiff incorporates, by reference, paragraphs 1 through 20 above and further alleges that Defendants had a duty to provide her minor daughter, Rebecca Levasseur, with medical care and treatment consistent with the applicable standards of care under similar circumstances.

22. Plaintiff further alleges that the Defendants, through their agents, servants, and/or employees, violated the standard of care as practiced by reasonably competent practitioners under the same or similar circumstances, and, as a result, minor Plaintiff suffered, and will continue to suffer, extreme physical and emotional pain, loss of enjoyment of life, mental anguish, and other significant injuries and damages.

23. Plaintiff further alleges that the Defendants, individually and/or through their agents, servants, and/or employees who were involved in the rendering of medical care, treatment, and evaluation of Rebecca, violated the standard of care by committing

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

negligent acts and/or omissions, which negligent acts and/or omissions include, without limitation:

 (a) Failing to properly assess Rebecca's clinical condition in a timely manner;

 (b) Failing to administer proper treatment, to initiate and order appropriate diagnostic and laboratory testing, to make specialist referrals, and/or seek medical consultations for Rebecca in a timely manner;

 (c) Failing to develop an appropriate plan of care in response to Rebecca's clinical condition;

 (d) Failing to monitor Rebecca's condition;

 (e) Failing to diagnose and warn Plaintiffs of the minor's condition and attendant risks; and

 (f) Otherwise failing to provide Rebecca Levasseur with the degree of medical skill and attention required of healthcare providers by the standard of care under similar circumstances.

24. As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff's minor daughter has suffered severe and permanent physical injuries and mental anguish, has required numerous medical procedures and surgeries, has sustained and will continue to sustain a major loss in her quality of life, will sustain a loss in her potential wage-earning capacity, and has incurred and will continue to incur substantial expenses for medical care and treatment for the remainder of her lifetime.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

25.     As a further direct and proximate result of the negligent acts and/or omissions of the Defendants, Plaintiff's minor daughter has suffered a loss of enjoyment of life and will continue to suffer a loss of enjoyment of life for the remainder of her lifetime.

WHEREFORE, Plaintiff, Josette Levasseur demands judgment against Defendants, jointly and severally, in the full and just amount of Twenty Million Dollars ($20,000,000.00) in compensatory damages, plus interest and costs.

### JURY TRIAL DEMAND

Plaintiff, through counsel, requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By _____
Salvatore J. Zambri #439016
Lisa D. Barnett #480535
Jacqueline T. Colclough #434483
1919 M Street, N.W., Suite 350
Washington, D.C. 20036-3521
PH: (202) 463-3030
*Attorneys for Plaintiff*

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -