**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOSETTE LEVASSEUR, as Mother and Guardian :**
**for REBECCA LEVASSEUR, a Minor**

                                           :

          **Plaintiff,**                            **Civil Action No.  06-0680**

                                           :

                                                   **Judge Rosemary M. Collyer**

          **v.**                                        :

**HOWARD UNIVERSITY HOSPITAL, et al.**     :

          **Defendants.**                         :

**PLAINTIFF'S PRELIMINARY DESIGNATION OF**
**EXPERT WITNESSES TO BE CALLED AT THE TIME OF TRIAL**

The Plaintiff, through counsel, and pursuant to the Court's Scheduling Order and/or the agreement of counsel, hereby files her Preliminary Designation of Expert Witnesses expected to be called at the trial in the above-captioned matter. Plaintiff incorporates, by reference, any and all expert witnesses that were identified by the Plaintiff in any and all Answers to Interrogatories, deposition transcripts, and other materials or documents that may have been generated in the case.  Copies of all such pleadings and deposition transcripts have been furnished to all counsel.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Plaintiff expressly reserves the right to supplement and/or amend the designation pending completion of additional discovery including, but not limited to, depositions of fact witnesses, as well as expert witnesses designated by the Defendants. The language utilized in this document solely represents the language of the counsel for the Plaintiff and not any of the identified experts.

## I.     EXPERT:  LIABILITY

1.     Henry Jampel, M.D.
       The Wilmer Ophthalmological Institute
       The Johns Hopkins University School of Medicine
       120 Wilmer Building, 600 Wolfe Street
       Baltimore, MD 21287

Dr. Jampel is board certified in the field of Ophthalmology.  Dr. Jampel is a Professor of Ophthalmology in the Johns Hopkins University School of Medicine and a clinical staff member of the Johns Hopkins Hospital Wilmer Eye Institute. He is a glaucoma specialist and has extensive experience in treating childhood glaucoma. Dr. Jampel has held numerous academic appointments and participates in a variety of hospital committees. Dr. Jampel's curriculum vitae, which more specifically details his education, background, and experience, is attached.

Dr. Jampel has been provided with the pertinent medical records and will continue to review these materials and other relevant materials as they become available during the course of this litigation.  Based upon his knowledge and expertise, and his review of the pertinent materials pertaining to this litigation, Dr. Jampel is expected to testify that there is a national standard of care that applied to physicians treating the minor, Rebecca Levasseur, during the time that she was provided care by the

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Defendants. Dr. Jampel's testimony regarding the national standard of care is based upon his background, knowledge and experience in the profession, as well as his interaction with other professionals practicing in localities with access to medical care and equipment commensurate with the major metropolitan area.

Dr. Jampel is expected to testify that the agents, servants and/or employees of Defendants and, specifically, the physician who provided care and treatment to Rebecca Levasseur on December 31, 1996 in the Eye Clinic of Howard University Hospital breached the national standard of care by failing to perform any pressure measurements or perform the exam under anesthesia on December 31, 1996 based on, among other things, the 12 mm. corneal diameter measurement obtained in conjunction with constant tearing since birth. In the alternative, the national standard of care required an appointment to be made on December 31, 1996 for the performance of pressure measurements under anesthesia. Dr. Jampel is also expected to testify that the national standard of care required Defendants to inform the parents that there was a possibility/probability of glaucoma, that this condition needed to be ruled out conclusively, and that if the child plaintiff had glaucoma, there was the potential for partial/total vision loss unless appropriate treatment was provided to the minor.

Dr. Jampel is further expected to testify that, had the Defendants complied with the applicable standard of care, the minor, Rebecca Levasseur, would have received appropriate medical treatment and intervention and, more likely than not, would not have suffered the irreversible vision loss that she now has but, instead, would have good vision.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Dr. Jampel continues to review additional materials as they are generated during discovery in this case.  In the event that Dr. Jampel's opinions and/or conclusions are altered in any meaningful sense, a supplemental statement concerning his opinions and conclusions will be filed.

Dr. Jampel is available for deposition at a time and date convenient to all parties and the witness.

2.      Andrew A. Dahl, M.D., F.A.C.S.
        One Gus Siko Road
        Poughkeepsie, New York 12601

Dr. Dahl is board certified in Ophthalmology.  Dr. Dahl is an Assistant Professor of Ophthalmology at New York College of Medicine.  Dr. Dahl is an editor of the E-Medicine Textbook of Ophthalmology and is a co-author of the chapter on Congenital Glaucoma within that textbook.  He has extensive experience in the care of patients with glaucoma.  He has been chairman of a variety of hospital committees. Dr. Dahl's curriculum vitae, which more specifically details his education, background and experience, is attached.

Dr. Dahl has been provided with the pertinent medical records and will continue to review these materials and other relevant materials as they become available during the course of this litigation.  Based upon his knowledge and expertise, and his review of the pertinent materials pertaining to this litigation, Dr. Dahl is expected to testify that there is a national standard of care that applied to physicians treating the minor, Rebecca Levasseur, during the time that she was provided care by the Defendants.  Dr.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Dahl's testimony regarding the national standard of care is based upon his background, knowledge and experience in the profession, as well as his interaction with other professionals practicing in localities with access to medical care and equipment commensurate with the major metropolitan area.

Dr. Dahl is expected to testify that the agents, servants and/or employees of Defendants and, specifically, the physician who provided care and treatment to Rebecca Levasseur on December 31, 1996 in the Eye Clinic of Howard University Hospital breached the national standard of care by failing to recognize that Rebecca Levasseur's medical history of constant tearing since birth and physical examination showing 12 mm. corneal diameter measurement were both highly suggestive of glaucoma. Furthermore, that physician failed to perform any measurements of intraocular pressure.   In the absence of performing an intraocular pressure measurement on December 31, 1996, the alternative national standard of care required an appointment to be made on December 31, 1996 for the performance of pressure measurements under anesthesia.   The physician failed to do so and, furthermore, the parents should have been told that there was a possibility/probability of glaucoma, that this condition needed to be ruled out conclusively, and that if it were glaucoma, there was the potential for partial/total vision loss unless appropriate treatment was provided to the minor.

Dr. Dahl is further expected to testify that had the Defendants complied with the applicable standard of care, the minor, Rebecca Levasseur, would have received appropriate medical treatment and intervention and, more likely than not, would not have suffered the irreversible vision loss that she now has, and would have good vision.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Dr. Dahl is further expected to testify as to the nature and extent of her visual loss, her present and future functional disabilities based on that loss, the daily consequences of that visual loss, and future medical care/treatment required.

Dr. Dahl continues to review additional materials as they are generated during discovery in this case. In the event that Dr. Dahl's opinions and/or conclusions are altered in any meaningful sense, a supplemental statement concerning his opinions and conclusions will be filed.

Dr. Dahl is available for deposition at a time and date convenient to all parties and the witness.

## II.    TREATING HEALTH CARE PROVIDERS:

Plaintiff expressly reserves the right to call some or all of the treating health care providers to testify at the time of trial. Plaintiff also reserves the right to call the Defendants, any employees of the Defendants, and any designated representatives of the Defendants to testify at trial. These witnesses include the following:

1.    Lionel LaQuinte, M.D.

2.    Mohammed Jaafar, M.D.

3.    Paul Cunningham, M.D.

4.    Paul Domson, M.D.

5.    Jennifer Aventuro, M.D.

6.    John F. O'Neill, M.D.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

7.    Paul T. Gavaris, M.D.

8.    Charissa J. Wong, M.D.

9.    Any treating health care provider that renders treatment to Plaintiff subsequent to this designation with reference to injuries related to this case.

10.   Any expert witnesses identified by the Defendants in this litigation.

11.   Any health care provider who is deposed during this litigation.

12.   Plaintiff reserves the right to call at the time of trial, as fact and/or expert witnesses, any of the physicians, nurses, technicians or other health care providers who provided medical care and treatment to Rebecca Levasseur at any time from 1996 to the present.

13.   Plaintiff reserves the right to supplement her Designation of Expert Witnesses pending completion of additional discovery.


Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC


By:_____/s/_____
            Salvatore J. Zambri        #439016
            Lisa D. Barnett            #480535
            Jacqueline T. Colclough    #434483
            1919 M Street, N.W., Suite 350
            Washington, DC  20036
            (202) 463-3030
            *Attorneys for the Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## <u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on the 13th day of November, 2006, a copy of the foregoing Plaintiff's Preliminary Designation of Expert Witnesses was electronically filed in the United States District Court for the District of Columbia and was sent to all counsel of record via the Court's ECM/EF system.

_____/s/_____
Salvatore J. Zambri

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 8 -